J-A26007-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| CHRISTOPHER J. PARKER, JR. AND ALI J. PARKER, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellees | |
| v. | |
| ANTHONY E. SURMAN, D/B/A A.J. SURMAN CONSTRUCTION, INC., | |
| Appellant | No. 307 WDA 2018 |

Appeal from the Judgment Entered March 1, 2018
In the Court of Common Pleas of Allegheny County
Civil Division at No(s): AR-17-000826

BEFORE: BENDER, P.J.E., SHOGAN, J., and MURRAY, J.

MEMORANDUM BY BENDER, P.J.E.:               **FILED FEBRUARY 05, 2019**

Appellant, Anthony E. Surman, d/b/a A.J. Surman Construction, Inc.,

appeals from the judgment of $2,970.00 entered against him.[1]  We affirm.

The trial court summarized the factual background and procedural

history of this case as follows:

> [Appellees] Christopher Parker and Ali Parker purchased a home
> in Mt. Lebanon in July of 2016.  Mr. and Mrs. Parker decided to

---

[1] Appellant appealed from the order denying his post-trial motion on January 29, 2018.  An order denying post-trial motions is interlocutory and generally not appealable.  ***See Levitt v. Patrick***, 976 A.2d 581, 584 n.2 (Pa. Super. 2009) (stating that appeal properly lies from the entry of judgment, not from order denying post-trial motions).  However, since judgment was entered on March 1, 2018, we consider the appeal as taken from the entry of judgment. ***See Johnston the Florist, Inc. v. TEDCO Const. Corp.***, 657 A.2d 511, 514-15 (Pa. Super. 1995) (stating that appellate courts may "regard as done that which ought to have been done") (citations omitted).  We have amended the caption accordingly.

have the only full bathroom in the home remodeled, and on October 4, 2016[,] Mr. Parker signed a two[-]page proposal from A[.]J[.] Surman Construction "together with" American Patriot Construction, Inc.[,] to do the work for $7,456. However, the proposal Mr. Parker signed is not valid because it lacks a contractor registration number and multiple other features specified by Pennsylvania's Home Improvement Consumer Protection Act[,][1] … 73 P.S. §[] 517.1 *et seq*. ("HICPA" hereafter).

> [1] 73 P.S. § 517.6, entitled "Proof of registration," states that "A contractor shall include its registration number … on all contracts, estimates and proposals with owners in this Commonwealth." 73 P.S. § 517.7(a)(1), entitled "Home improvement contracts," states that "No home improvement contract shall be valid or enforceable against an owner unless it: … contains the home improvement contractor registration number of the performing contractor." Other features for a valid contract under 73 P.S. [§] 517.7 that were missing from the proposal Mr. Parker signed include the signature of the contractor or a sales person, an address that is not a post office box number[,] and approximate start and completion dates.

[Appellant], who prepared the proposal, accepted a $1,860 check from the Parkers after Mr. Parker signed the proposal and [Appellant] also accepted their $3,728 check when he began the work on Tuesday, October 11, 2016. The scope of work described in the proposal called for removal and replacement of the wall tile, floor tile, toilet, tub, towel bar, sink, faucets and vanity cabinet as well as two coats of paint. After only the first day of work on the bathroom, Mr. and Mrs. Parker arrived home from their jobs to find holes had been made in the wall of the hallway outside the bathroom. Mr. and Mrs. Parker next encountered a problem with the work not being completed within the three days promised by [Appellant]. Each day, from October 13 until October 22, [Appellant] would say that he just needed another hour or two to finish. Since the Parkers were not able to use the primary bathroom in their home, this was a major inconvenience.

On Saturday, October 22, after [Appellant] and a helper finished working, Mrs. Parker went in the bathroom to investigate it for herself. She noticed something seriously wrong with the tile floor because it cracked when she walked on it and it clearly was not level. The Parkers were losing their patience. However, on October 24, [Appellant] refused to do more work unless the

Parkers paid him additional money. [Appellant] also asserted that the price total had increased by $389. With the proposal showing no additional money due until completion, Mr. and Mrs. Parker at first refused to pay any more money. But they could find no other contractor that could come quickly, hence on October 27[,] they paid an additional $1,126.50 for [Appellant] to come back and finish.[2]

[2] All three checks from the Parkers were payable to "A[.]J[.] Surman Construction."

[Appellant] promised, both verbally and by electronic mail, that all of the bathroom work would be finished no later than Saturday, October 29. However, after finishing work on Saturday, October 29, once again, [Appellant] said an hour or two more would be needed to finish. At this point, the Parkers asked [Appellant] to return the key to their home and told him he was not permitted to do any more work in their home. The holes in the wall of the hallway had not been repaired, a marble windowsill in the bathroom that [Appellant] broke had not been replaced, there were large holes in the bathroom wall from his unsuccessful effort to replace the towel bar, the top of the toilet tank was broken, the toilet was leaking, the tub was unstable, grout was missing from the floor tile[,] and the previously functional light switch was no longer operable.

On October 31, 2016[,] [Appellant] sent the Parkers an invoice with another additional charge of $2,484. The Parkers paid nothing additional and filed a civil lawsuit for money damages against [Appellant] Anthony E. Surman d/b/a AS Surman Construction with their local magisterial district judge. [Appellant] did not appear for the hearing with the magisterial judge, but timely appealed the decision to the compulsory arbitration section of this court. On March 2, 2017[,] the Parkers filed their complaint in this court against [Appellant] Anthony E. Surman d/b/a A.J. Surman Construction, Inc[.][3] … The one hundred forty-eight paragraph detailed complaint includes counts alleging [Appellant] violated [the] HICPA and Pennsylvania's Unfair Trade Practices and Consumer Protection Law (**see** 73 P.S. §[] 201-1 *et seq*., "UTPCPL" hereafter). After the arbitration panel awarded money damages to the Parkers, [Appellant] appealed to obtain a new non-jury trial, and [this court] conducted the trial on January 12, 2018. [The court's] verdict was in favor of the Parkers and against [Appellant] in the amount of $2,970.

3 The Parkers did not sue the corporate entity, "A.J. Surman Construction, Inc[.]" because it is a Virginia [c]orporation that was terminated by the [Commonwealth] of Virginia on August 31, 2016. The Parkers did not sue "American Patriot Construction, Inc." because they never dealt with anyone affiliated with that entity and it did not have a contractor registration number required by [the] HICPA.

[Appellant] then filed a post-trial motion, which [the court] denied. [Appellant] then appealed to the Superior Court of Pennsylvania and filed a concise statement of matters complained of on appeal.[2]

Trial Court Opinion (TCO), 5/1/2018, at 1-4.

Presently, Appellant raises a single issue for our review:

Does the [c]omplaint and the trial record provide a factual basis for the trial court's finding that [Appellant] was guilty of misrepresentation and deceptive conduct sufficient to impose liability against [Appellant], a non-party to a home improvement contract?

Appellant's Brief at 5.3

We apply the following standard of review:

Our scope of review of a verdict entered in a nonjury case is limited to determining whether its factual findings are supported

_____

2 We note that Appellant timely filed both his notice of appeal and Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.

3 We observe that Appellant's brief does not comply with Pa.R.A.P. 2119(a). **See** Pa.R.A.P. 2119(a) ("The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part—in distinctive type or in type distinctively displayed—the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent."); **Donaldson v. Davidson Bros., Inc.**, 144 A.3d 93, 99 n.9 (Pa. Super. 2016) (determining that the appellant failed to comply with Rule 2119(a) where the appellant's brief did not "present and develop eight arguments in support of the eight questions raised"). Although Appellant only advances one question in his statement of the questions involved, he divides his argument section into nine sections. We admonish Appellant for his lack of compliance with Rule 2119(a).

by the evidence and whether the court made a legal error. The prevailing party is entitled to have all its evidence believed and is entitled to be given all reasonable inferences from that evidence. When the trial court sits as fact finder, the weight to be assigned the testimony of the witnesses is within its exclusive province as are credibility determinations. Further, the court is free to choose to believe all, part, or none of the evidence presented.

*Stokes v. Gary Barbera Enterprises, Inc.*, 783 A.2d 296, 297 (Pa. Super. 2001) (internal citations omitted).

The trial court found Appellant liable on three separate grounds: participation theory, violations of the UTPCPL, and violations of the HICPA. In his brief, Appellant contests all three grounds. However, in the interest of judicial economy, we focus our review on the trial court's finding Appellant liable under the HICPA.[4]

The trial court determined that Appellant was liable under the HICPA, explaining:

> Any HICPA violation is deemed a violation of the UTPCPL. *See* 73 P.S. § 517.10.[5] [Appellant], as an individual, is a "contractor" under the HICPA because he was undertaking a home improvement project. *See* 73 P.S. § 517.2. Hence, he violated the HICPA by not including a registration number on the proposal

---

[4] We note that Appellant does not argue that the amount of the judgment would change depending on which of the above-stated grounds form the basis for his liability. In other words, regardless of the ground relied upon, Appellant would remain liable for the same amount of money — $2,970.00.

[5] "A violation of any of the provisions of this act shall be deemed a violation of the act of December 17, 1968 (P.L. 1224, No. 387), known as the Unfair Trade Practices and Consumer Protection Law. Nothing in this act shall preclude an owner from exercising any right provided under the Unfair Trade Practices and Consumer Protection Law." 73 P.S. § 517.10 (footnote omitted).

(**see** 73 P.S. [§] 517.6[6]), subjecting him to the private action for damages under the UTPCPL brought by Mr. and Mrs. Parker. **See** 73 P.S. § 201-9.2.

TCO at 4-5.

In response, with respect to his liability under the HICPA, Appellant only argues that:

The trial court also found [Appellant] liable pursuant to [the HICPA] and [the UTPCPL]….

Underlying the trial court['s] determination that [Appellant] is liable under [the] HICPA and the UTPCPL is its conclusion that [Appellant] is a 'Contractor' as that term is defined under [the] HICPA…. A contractor under the HICPA is defined as follows:

"Contractor." Any person who owns and operates a home improvement business or who undertakes, offers to undertake or agrees to perform any home improvement. The term includes a subcontractor or independent contractor who has contracted with a home improvement retailer, regardless of the retailer's net worth, to provide home improvement services to retailer's customers. The term does not include any of the following:

(1) A person for whom the total cash value of all of that person's home improvements is less than $5,000 during the previous taxable year.

(2) A home improvement retailer having a net worth of more than $50,000,000 or an employee of that retailer that does not perform home improvements.

75[]P.S. [§] 517.2.

The trial court held that, "[Appellant], as an individual, is a 'contractor' under HICPA because he was undertaking a home

---

[6] "A contractor shall include its registration number in all advertisements distributed within this Commonwealth and on all contracts, estimates and proposals with owners in this Commonwealth. This section shall apply to all advertisements, contracts, estimates and proposals created by a contractor after the effective date of this act." 73 P.S. § 517.6.

improvement project." The facts do not support the trial court's finding.

[The Parkers] entered into a contract with A[.]J[.] Surman Construction together with American Patriot Construction, Inc. [Appellant] did not sign the contract. In the contract, [Appellant's] title is listed as "Business Development and Estimating." [The Parkers] payed for work performed by checks payable to A[.]J[.] Surman Construction. The totality of this evidence supports the conclusion that the contractor in this case was A[.]J[.] Surman Construction together with American Patriot Construction, Inc. The evidence does not support the trial court's conclusion that … [Appellant] individually was undertaking the home improvement contract. Therefore, the judgment against [Appellant] should be reversed.

Appellant's Brief at 22-24 (internal citations omitted).

We disagree with Appellant that the totality of the evidence demonstrates that the contractor in this case was not him but, instead, A.J. Surman Construction together with American Patriot Construction, Inc. We reiterate that the trial court found that A.J. Surman Construction, Inc. "is a Virginia Corporation that was terminated by the [Commonwealth] of Virginia on August 31, 2016[,]" which was five weeks before Appellant met with the Parkers, signed the proposal, and began work. *See* TCO at 3 n.3; Parkers' Brief at 17 (citation omitted). Thus, A.J. Surman Construction, Inc., is a nonexistent entity. Furthermore, the trial court observed that "[t]he Parkers did not sue 'American Patriot Construction, Inc.' because they never dealt with anyone affiliated with that entity and it did not have a contractor registration number required by [the] HICPA." TCO at 3 n.3. Moreover, the Parkers persuasively assert that "[a]t no point in the proceedings … did [Appellant] introduce any evidence showing a relationship, let alone a legally enforceable

one, that existed between [Appellant] and American Patriot." Parkers' Brief at 13.[7] They also cite a plethora of evidence supporting that they "never dealt with anyone on behalf of American Patriot and only with [Appellant] as [A.J.] Surman Construction…." ***Id.*** at 18; ***see also id.*** at 18-21 (explaining, *inter alia*, that the original solicitation through Angie's List provided that the contracting company was A.J. Surman Construction and no reference was made to American Patriot, they wrote checks to A.J. Surman Construction, and Appellant personally signed the proposal with the title of 'Business Development & Estimating' of A.J. Surman Construction).[8] Thus, we reject

---

[7] We further note that, in Appellant's earlier motion for summary judgment, he never mentioned American Patriot. Instead, he argued that "any claim that [the Parkers] have based upon the quality of the workmanship for the bathroom remodel job should be taken up with A.J. Surman Construction, Inc." Appellant's Motion for Summary Judgment, 12/5/2017, at 2. Appellant also reiterated the same argument in his pretrial statement. ***See*** Appellant's Pretrial Statement, 12/11/2017, at 1 ("[The Parkers] entered into a contract with A.J. Surman Construction, Inc.[,] for a bathroom remodeling job at their home…. A.J. Surman Construction, Inc. is a Virginia Corporation and any claim that [the Parkers] have based upon the quality of workmanship for the bathroom remodel job should be taken up with A.J. Surman Construction, Inc.").

[8] We also observe that Appellant did not maintain a contractor's license. ***See*** Parkers' Brief at 30-31 (citing N.T. Trial, 1/12/2018, at 94). Yet, the trial court found that Appellant "individually did the work[,]" and held himself out as an experienced contractor. ***See*** TCO at 4; ***see also*** N.T. Trial at 17 (Mrs. Parker: "So the whole time that this project was ongoing, it was only [Appellant] that we were dealing with. He brought a worker with him that was identified as Larry … in his discovery responses but he said he didn't know his last name or if he was a contractor in his discovery. We were dealing with [Appellant], over and over again. He was the one who wrote the contract. He was the one telling us about the progress every day. We would physically see

Appellant's argument that the contractor was A.J. Surman Construction, Inc., together with American Patriot Construction, Inc., in light of the evidence adduced at trial and the arguments advanced by the parties. Accordingly, Appellant has not convinced us that the trial court erred in finding him individually liable under the HICPA, and therefore we affirm the trial court's judgment.[9]

Judgment affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/5/2019

---

him working in the house whenever we were home. He was the one to purportedly get the materials…."). The Parkers also assert that Appellant "failed to produce at trial or otherwise any employment agreement, W-2, paystub or any other document evidencing his purported employment with [A.J.] Surman Construction together with American Patriot." Parkers' Brief at 22.

[9] It is unclear whether Appellant argues that the "gist of the action" doctrine bars the Parkers from recovering under the HICPA. To the extent he does make this argument, we deem it waived. Appellant does not show where he raised this issue before the trial court, nor does our review of the record indicate that he did. *See* Pa.R.A.P. 302 ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."). Similarly, to the extent Appellant argues that he does not qualify as a contractor under the HICPA, this argument is waived because he did not advance it before the trial court. *See id.*

- 9 -